IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:00CR3003 |
| | ) | 4:05CR3096 |
| v. | ) | |
| | ) | |
| ANDREW JAMES STRAUGHN, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

    Defendant has moved for release from custody to participate in treatment for alcohol abuse at Williams Prepared Place in Omaha. His motion is supported by a substance abuse evaluation report which recommends residential treatment and follow-up placement in a halfway house. I shall deny the motion.

    First, in case 4:00CR3003 ("3003") defendant is the subject of proceedings for revocation of supervised release for possession of a firearm. As he has pleaded guilty to that offense in case 4:05CR3096 ("3096"), a finding that he violated his conditions of supervised release is inevitable. The revocation hearing is set before Senior Judge Strom on December 2, 2005. The Amended Petition in 3003 includes language from 18 U.S.C. 3565(b) which makes revocation of supervised release and resentencing to imprisonment statutorily mandated when the supervisee has possessed a firearm. Filing 40; 18 U.S.C. Sec. 3565(b)(1).

    Second, in case 3096 the defendant has pleaded guilty and is now awaiting sentencing. 18 U.S.C. Sec. 3146 generally requires the defendant to be detained pending sentencing, in the absence of extraordinary circumstances. Although Judge Kopf has not yet

accepted the defendant's guilty plea, there is nothing in the file indicating even a remote possibility that he might not accept it, and there has been no showing of exceptional circumstances.

Third, the defendant's criminal history contains several charges for assaultive behavior, driving under the influence, driving on a suspended license, and failures to appear.  He has demonstrated that even when released on conditions, he has failed to comply with them.

Fourth, he has previously participated in drug/alcohol treatment episodes, but none has resulted in any significant period of sobriety.  He reported to the evaluator that he had participated in treatment "for nine or ten months" while in prison, but as soon as he was released, he started drinking heavily again.  He enrolled to participate in outpatient treatment "last winter" (presumably 2004-5), but was not admitted.  Nothing in the report indicates whether defendant took any initiative to get himself admitted into the program.  Finally, he reported that he had attended some AA meetings, but "never really got into it."  There is no reason to believe that he could "get into it" this time any more than he has in the past.

Fifth, defendant reported to the evaluator that he "does not think it is necessary to be involved in a treatment program.  He said he would comply with being in treatment, but thinks he can get a handle on his drinking problem without outside intervention."  Such an attitude hardly bodes success in treatment.

2

Finally, I am advised that the Williams Prepared Place, while technically a "residential" facility, is not a secure facility.  Given his history, defendant should be required to demonstrate that he is truly interested in treatment and can abide by orders of authorities before this court will release him.  Nothing in his criminal history indicates that his propensity for violence toward others and otherwise failing to comply with court orders has abated.  He can avail himself of treatment when he is in the custody of the Bureau of Prisons.

For all of the above reasons,

IT THEREFORE HEREBY IS ORDERED,

The motions for release, filing 14 in case number 3096, and filing 55 in case number 3003, are each denied.

DATED this 14th day of September, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge